IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW GUNTER, | CIVIL ACTION NO. 2:20-cv-1428 |
| *On behalf of himself and all others similarly situated,* | FILED ELECTRONICALLY ON SEPTEMBER 22, 2020 |
| Plaintiff, | JURY TRIAL DEMANDED |
| *v.* | |
| DIAMOND TECHNICAL SERVICES, INC. | |
| Defendant. | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Andrew Gunter, *on behalf of himself and all others similarly situated*, by and through counsel, respectfully files this Class and Collective Action Complaint, and states and alleges the following.

## INTRODUCTION

1. Plaintiff Andrew Gunter brings this case to challenge the policies and practices of Defendant Diamond Technical Services, Inc. that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the PMWA (the "Pennsylvania Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the PMWA because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff Andrew Gunter is an individual, a citizen of the United States, and a resident of Lorain County, Ohio. Mr. Gunter has filed a consent to join form which is attached as Exhibit A.

6. Defendant Diamond Technical Services, Inc. is a Pennsylvania for-profit corporation with its principal place of business in Blairsville, Indiana County, Pennsylvania.[1]

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant Diamond Technical Services, Inc. "is a technical services and engineering consulting company catering to the utility, oil, gas, chemical, refining, food processing, pharmaceutical, manufacturing, agricultural, and power industries. [Diamond] offer[s …] boiler [i]nspections, NDE services, remote inspections, and engineering services" for its clients.[2]

---

[1] *See* https://www.diamondtechnicalservices.com/ (accessed Sept. 21, 2020).
[2] *Id.*

8. Defendant's corporate office is located at 9152 Rt. 22 Blairsville, PA 15717. Defendant also operates out of locations in Michigan (330 Detroit Ave., Suite B, Monroe, MI 48162) and Illinois (4 Territorial Court, Suite A, Bolingbrook, IL 60440).[3]

**Defendant's Status as an Employer**

9. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and employed non-exempt hourly employees, including Plaintiff and the other members of the FLSA Collective and Pennsylvania Class.

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

13. Defendant is engaged in commerce and, furthermore, employs individuals engaged in the production of goods for commerce and/or handling, selling, or working on goods or materials that have been moved in or produced in commerce. As such, Defendant is covered by the FLSA.

**Plaintiff's, the FLSA Collective's, and Pennsylvania Class's
Employment Statuses with Defendant**

14. Plaintiff Andrew Gunter worked for Defendant as a technician from approximately February 2020 until August 2020.

15. At all times relevant, Plaintiff and other members of the FLSA Collective and Pennsylvania Class were employees within the meaning of 29 U.S.C. § 203(e).

---

[3] https://www.diamondtechnicalservices.com/our-locations (accessed Sept. 21, 2020).

16. At all times relevant, Plaintiff and other members of the FLSA Collective and Pennsylvania Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### **Defendant's Failure to Pay Overtime Compensation**

17. The FLSA and PMWA required Defendant to pay its non-exempt employees, including Plaintiff and other members of the FLSA Collective and Pennsylvania Class, overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek.

18. Plaintiff and other members of the FLSA Collective and Pennsylvania Class regularly worked forty (40) or more hours per workweek for Defendant. For example, during the two workweek pay period June 19, 2020 until August 1, 2020, Plaintiff's paystubs indicate that Plaintiff worked at least 40 overtime hours. Defendant, however, did not pay overtime compensation to Plaintiff and other members of the FLSA Collective and Pennsylvania Class at the rate of one and one-half times their regular rates for all the hours they worked in excess of forty (40) hours per workweek.

*Defendant's FLSA Violations Pertaining to Compensable Travel Time*

19. Plaintiff's and other members of the FLSA Collective's and Pennsylvania Class's job responsibilities frequently require travel between multiple locations of Defendant's clients throughout the workday. The FLSA, 29 C.F.R. § 785.38, requires that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." Pursuant to Defendant's companywide policy, Plaintiff and other members of the FLSA Collective and Pennsylvania Class are not paid for all of the time they spent traveling between multiple locations of Defendant's clients throughout the

workday at one and one-half times their regular rates when this travel time constituted overtime hours.

20. In addition, Plaintiff and other members of the FLSA Collective and Pennsylvania Class also frequently worked on jobsites located away from their home communities and/or stayed overnight in hotels. The FLSA, 29 C.F.R. § 785.39, provides that "[t]ravel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days." Plaintiff and other members of the FLSA Collective and Pennsylvania Class were required to travel to these jobs, and this travel regularly cut across their normal working hours during both regular working days and nonworking days. Pursuant to Defendant's companywide policy, Plaintiff and other members of the FLSA Collective and Pennsylvania Class are not paid for all of the time they spent traveling for these jobs at one and one-half times their regular rates when this travel time constituted overtime hours.

21. Defendant paid Plaintiff and other members of the FLSA Collective and Pennsylvania Class straight time for many of their compensable travel time hours, even when travel time hours constituted overtime hours. Other compensable travel time hours were not paid at all based on Defendant's companywide arbitrary travel time calculation policy. Thus, Plaintiff and other members of the FLSA Collective and Pennsylvania Class were not compensated for all of their compensable travel time at the required overtime rate when such travel resulted in a workweek in excess of forty (40) hours.

22. The unpaid work described above was required by Defendant, was performed for Defendant's benefit, and constituted part of Plaintiff's and other members of the FLSA

Collective's and Pennsylvania Class's principal activities and/or was integral and indispensable to their principal activities.

*Defendant's Miscalculation of Overtime Compensation and the Artificial Regular Rate*

23. The FLSA required Defendant to pay overtime compensation to hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3). The FLSA provides that, "[w]here payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities must be included in the regular rate." 29 CFR § 778.116. Additionally, while work expenses of the employee paid by the employer are generally excludable from the regular rate, only "[t]he actual or reasonably approximate amount of the expense is excludable from the regular rate … If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 CFR § 778.217.

24. In determining their regular rates, Defendant did not include wages paid to Plaintiff and other members of the FLSA Collective and Pennsylvania Class in the form of per diem and/or other forms of adjustments, payments, and/or expenses paid to Plaintiff and other members of the FLSA Collective and Pennsylvania Class, and/or these forms of payments exceeded the actual or reasonably approximate amount of the expense, and/or the amounts paid as reimbursements were disproportionately large. Defendant engaged in a scheme to avoid properly compensating Plaintiff and other members of the FLSA Collective and Pennsylvania Class at the time-and-a-half regular rate required by creating an artificial regular rate and by

providing a portion of Plaintiff's and other members of the FLSA Collective's and Pennsylvania Class's wages in the form of reimbursements that should have been included in the regular rate.

25. Defendant thus unlawfully failed to calculate Plaintiff's and members of the FLSA Collective's and Pennsylvania Class's "regular rates" for the purposes of overtime compensation during weeks when they worked more than forty (40) hours. Defendant miscalculated the regular rate for hourly employees, including for Plaintiff and the members of the FLSA Collective and Pennsylvania Class.

26. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and Pennsylvania Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA and PMWA.

*Defendant's Failure to Pay for all Hours Worked as a Result of Defendant's Time Editing Practices or Policies*

27. In addition to the above unlawful payroll practices or policies, while Plaintiff and other members of the FLSA Collective and Pennsylvania Class were paid on an hourly basis, Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and Pennsylvania Class for all hours worked, including for overtime hours.

28. Defendant's managers and/or supervisors edited, modified, and/or altered Plaintiff's and the FLSA Collective's and Pennsylvania Class's timekeeping records and/or avoided paying Plaintiff and other members of the FLSA Collective and Pennsylvania Class for work time in order to improperly reduce the number of hours they actually worked per week to reduce labor costs. *See* 29 C.F.R. § 785.11.

29. As a result of Defendant's failure to pay all hours worked, including overtime hours, Defendant did not accurately track and compensate overtime at the time and one-half rate required. Although Defendant suffered and permitted Plaintiff and other members of the FLSA

Collective and Pennsylvania Class to work more than forty (40) hours in a single workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective and Pennsylvania Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in each workweek. *See* 29 C.F.R. § 785.11. Moreover, although Plaintiff and other members of the FLSA Collective and Pennsylvania Class regularly completed tasks that are required by Defendant, were performed for Defendant's benefit, and constituted part of hourly employees' principal activities and/or were integral and indispensable to their principal activities, Plaintiff and other members of the FLSA Collective and Pennsylvania Class were not paid for all time spent performing these tasks.

30. Defendant did not pay overtime compensation to their employees at one and one-half times their employees' appropriate "regular rate" of pay for hours over forty (40) in each workweek. As a result, Plaintiff and other members of the FLSA Collective and Pennsylvania Class were not properly paid overtime for all of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*.

### Defendant's Record Keeping Violations

31. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours,

total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

32. Defendant failed to keep accurate records of hours and overtime worked. Thus, Defendant did not record or pay overtime hours in violation of the FLSA.

### The Willfulness of Defendant's Violations

33. Defendant knew that Plaintiff and other members of the FLSA Collective and Pennsylvania Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

34. Defendant intentionally and willfully circumvented the requirements of the FLSA.

35. The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219, and the PMWA.

### COLLECTIVE ACTION STATEMENT

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

38. The FLSA Collective consists of:

> All present and former hourly technicians and other employees with similar job titles or duties of Defendant during the period of three years preceding the commencement of this action to the present.

39. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees of Defendant, all were subjected to and injured by

Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

40. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

41. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

42. Upon information and belief, Defendant has employed at least forty (40) hourly technicians who worked in the State of Ohio during one or more workweek since the period of two years prior to the filing of this action to the present.

43. Upon information and belief, Defendant has employed at least forty (40) hourly technicians who worked in the State of Michigan during one or more workweek since the period of two years prior to the filing of this action to the present.

**CLASS ACTION STATEMENT**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of the Pennsylvania Class who assert claims under the PMWA, defined as:

> All present and former hourly technicians and other employees with similar job titles or duties of Defendant during the period of three years preceding the commencement of this action to the present.

46. Class action treatment of the PMWA claim is appropriate because, as alleged, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

47. The Pennsylvania Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of at least fifty (50) persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and the PMWA. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; 34 Pa. Code § 231.31.

48. There are questions of law or fact common to the Pennsylvania Class, including but not limited to:

> Whether Defendant paid overtime compensation to Plaintiff and other members of the Pennsylvania Class at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek; and

> What amount of monetary relief will compensate Plaintiff and other members of the Pennsylvania Class for Defendant's violations of the PMWA.

49. Plaintiff's claims are typical of the claims of other members of the Pennsylvania Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

50. Plaintiff will fairly and adequately protect the interests of the Pennsylvania Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Pennsylvania Class in this case.

51. The questions of law or fact that are common to the Pennsylvania Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

55. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

56. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

57. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

58. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

59. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(PMWA Overtime Violations)**

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this claim for violation of the PMWA, 43 P.S. §§ 333.101, *et seq.*

62. Defendant was an employer covered by the PMWA.

63. Plaintiff and the other members of the Pennsylvania Class were "employees" of Defendant under the PMWA.

64. The PMWA requires that employees receive overtime compensation of "not less than one and one-half times" the employee's regular rate of pay for hours worked over forty (40) per week. *See* 43 P.S. § 333.104(c).

65. Defendant's failure to compensate Plaintiff and the other members of the Pennsylvania Class overtime hours and Defendant's failure to pay Plaintiff and the other members of the Pennsylvania Class for all hours worked violated the Pennsylvania overtime compensation requirements set forth in the PMWA.

66. These violations of Pennsylvania law injured Plaintiff and other members of the Pennsylvania Class in that they did not receive wages due to them pursuant to that statute.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, *on behalf of himself and other members of the class and collective action*, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Pennsylvania Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Pennsylvania Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Pennsylvania Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount, and prejudgment interest; and

E. Award Plaintiff litigation costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (OH 0090455)
Joseph F. Scott (OH 0029780)*
Ryan A. Winters (OH 0086917)*
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

*\*Attorney admission via pro hoc vice
filings to be made pursuant to local rule*