IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW GUNTER,<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>v.<br><br>DIAMOND TECHNICAL SERVICES, INC.<br><br>        Defendant. | Civil Action No. 2:20cv1428<br><br>Hon. William S. Stickman IV |

### ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF

**AND NOW**, upon consideration of Plaintiff Andrew Gunter's and Defendant Diamond Technical Services, Inc.'s "Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion"), Brief in Support, "Class/Collective Action Settlement Agreement" (ECF Doc. 35-1); "Joint Motion for Preliminary Approval of Class Action Settlement" (ECF Doc. 34) and Brief in Support (ECF Doc. 35); Declaration of Settlement Administrator Settlement Services, Inc., all related filings, exhibits and declarations attached to the above and related filings (collectively referred to as the "Motion papers"), and the arguments and representations of counsel during the May 6, 2022 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.    The Court **CERTIFIES A SETTLEMENT CLASS** comprised of Plaintiff Andrew Gunter and 88 other (89 total) individuals, defined as "Plaintiff [Andrew Gunter] and all individuals who formerly or currently work for Diamond Technical Services, Inc. under the job

1

title technician, or its equivalent, during any workweek from September 22, 2017 to September 22, 2020." Based on the evidence and arguments presented in the Motion papers and during the fairness hearing, this settlement class satisfies Fed. R. Civ. P. 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

2. Under the settlement, Defendant will pay $280,000.00 plus any payroll taxes (such as, for example, worker's compensation insurance, unemployment insurance, the employer's share of payroll taxes, or the employer's social security contributions) ordinarily borne by Defendant as an employer pursuant to normal payroll practices, to be distributed as follows: (i) $161,667.60 will be paid to the 89 class members; (ii) a $5,000 service award will be paid to the Representative Plaintiff Andrew Gunter; (iii) a total of $93,332.40 (representing $90,502.40 in attorneys' fees (32.32% of the total settlement fund) and $2,830.00 in costs) will be paid to Class Counsel; and (iv) $20,000.00 will be paid to Settlement Class Administrator Settlement Services, Inc. as necessary costs of settlement administration.

3. The Court **APPROVES** the $161,667.60 payment to the class members as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favor approval. Amended Rule 23 provides uniform criteria that district courts consider in deciding whether to approve a class action settlement as

fair, reasonable and adequate.[1] The Court further finds that the settlement is "fair, reasonable, and adequate" to protect the interests of all class members, and the settlement conforms with the approval factors as outlined by the Third Circuit in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

4. The Court **APPROVES** the Class/Collective Members' release of the Released Claims as provided in the Settlement Agreement, (ECF Doc. 35-1 at page 5), as well as the other terms of the Settlement Agreement because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *See Tumpa v. IOC-PA, LLC*, No. 3:18-CV-112, 2021 U.S. Dist. LEXIS 2806, at *12 (W.D. Pa. Jan. 7, 2021) (quoting *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (RD. Pa. 2012) (internal citations omitted)). The proposed Settlement satisfies the standard for approval of a class/collective action settlement under 29 U.S.C. § 216(b).

5. The Court **APPROVES** the payment of a $5,000 service award to be paid to Representative Plaintiff Andrew Gunter. This service award is justified by Plaintiff Andrew Gunter's efforts on behalf of the class and is consistent with awards in other wage and hour class actions approved by courts within this Circuit and district. *See Sullivan v. DB Invests., Inc.*, 667 F.3d 273, 333 (3d Cir.2011), fn. 65; *Mejia v. KVK-Tech, Inc.*, No. 2:19-CV-04841-JDW, 2020 U.S. Dist. LEXIS 162235, at *9-10 (E.D. Pa. Sept. 4, 2020) (quoting *Alvarez v. BI Inc.*, No. 16-cv-2705, 2020 U.S. Dist. LEXIS 60656, 2020 WL 1694294, at *6 (E.D. Pa. Apr. 6, 2020)); *see also Jordan v. Passavant Mem. Homes,* W.D.Pa. No. 2:21-cv-00540-MJH, 2022 U.S. Dist. LEXIS 70216, at *3 (Apr. 13, 2022); *Craig v. Rite Aid Corp.,* M.D.Pa. No. 4:08-cv-2317, 2013

---

[1] As recently noted in *Frederick v. Range Resources - Appalachia, LLC*, W.D.Pa. Civil Action No. 1:08-cv-288-SPB, 2022 U.S. Dist. LEXIS 60710, at *44 (Mar. 31, 2022), "[t]he [Amended] Rule 23(e)(2) factors overlap substantially with the nine factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that have traditionally guided courts within this circuit."

U.S. Dist. LEXIS 2658, at *50-51 (Jan. 7, 2013) (service awards in the Third Circuit "have ranged from $1,000 up to $30,000.") (citing cases).

6. The Court **APPOINTS** the law firm of Scott & Winters Law Firm, LLC to serve as permanent class counsel because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, this firm satisfies the criteria described in Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

7. The Court **APPROVES** the total payment to class counsel in the amount of $93,332.40, representing $90,502.40 in attorneys' fees and $2,830.00 in costs because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment – which amounts to 32.32% of the total $280,000.00 settlement fund – falls within the range of fees awarded by courts within this district and division in other wage and hour class action settlements and is supported by each of the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) and *Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litigation Agent Actions)*, 148 F.3d 283 (3d Cir.1998). *See also In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litigation*, 582 F.3d 524, 541 (3d Cir.2009).

8. The Court finds that a lodestar cross-check is not necessary because there is no possibility of a "windfall" – Plaintiff's attorney fee recovery under a lodestar method would be much higher than under the percentage-of-recovery method. *See Tumpa*, 2021 U.S. Dist. LEXIS 2806, at *38 (citing *see Moore v. GMAC Mortg.*, No. 07 4296, 2014 U.S. Dist. LEXIS 181432, 2014 WL 12538188, at *2 (E.D. Pa. Sept. 19, 2014) ("The lodestar cross-check is 'suggested,' but not mandatory."); *In re Safety Components, Inc. Sec, Litig.*, 166 F. Supp. 2d 72, 94 (D.N.J. 2001) ("*Cendant* stated that the use of the lodestar cross check is not mandatory in determining

the reasonableness of a fee award.")). The Court nevertheless finds that Class Counsel's attorney hours and hourly rates are reasonable. Class Counsels' multiplier as of April 25, 2022 was .80, which falls well within the range of acceptable multipliers in the Third Circuit. The fact that Class Counsel's lodestar results in a "negative" multiplier supports that the fee sought is reasonable. *See In re Wawa, Inc., Data Sec. Litigation*, E.D.Pa. No. 19-6019, 2022 U.S. Dist. LEXIS 72569, at *40 (Apr. 20, 2022)

9. In addition, the reimbursed litigation expenses and costs incurred by class counsel were necessary and reasonable and are approved.

10. The Court **APPROVES** the payment to Settlement Class Administrator Settlement Services, Inc. in the amount of $20,000.00 for settlement administration expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, such settlement administration expenses are necessary and reasonable.

11. This action is **DISMISSED WITH PREJUDICE.** This Final Approval Order is a final judgment for purposes of appeal and this document shall be considered notice of entry of such judgment. There being no just reason for delay in the entry of final judgment, the Clerk is hereby directed to enter judgment thereon.

12. Without affecting the finality of this judgment in any way, the Court retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Order and the terms of the Class/Collective Action Settlement Agreement (ECF Doc. 35-1).

BY THE COURT

5/6/22

_____
WILLIAM S. STICKMAN IV
UNITED STATED DISTRICT JUDGE